JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC d/b/a SPECK PRODUCTS, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK MATTSON, an Individual; STU DISTRIBUTION SERVICES, LLC, a Texas Limited Liability Company; MD5 TECHNOLOGIES, a Business Entity of Unknown Status; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:14-cv-06465-ODW-PLAx<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANTS PATRICK MATTSON, STU DISTRIBUTION SERVICES, LLC AND MD5 TECHNOLOGIES AND DISMISSAL OF ENTIRE ACTION**<br><br>**Hon. Otis D. Wright II** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal of Entire Action ("Stipulation"), between Plaintiff SPECULATIVE PRODUCT DESIGN, LLC ("Plaintiff"), on the one hand, and Defendants PATRICK MATTSON, STU DISTRIBUTION SERVICES, LLC and MD5 TECHNOLOGIES ("Defendants"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby

is entered against Defendants as follows:

1. **PERMANENT INJUNCTION.** Defendants and any person or entity acting in concert with, or at their direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a), 17 U.S.C. §502, and 35 U.S.C. §283 from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a. importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product that uses, or otherwise makes any use of, any of Plaintiff's intellectual property, including but not limited to Plaintiff's SPECK® and CANDYSHELL® trademarks, copyrights, and/or patents ("Plaintiff's Intellectual Properties") or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Intellectual Properties, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b. performing or allowing others employed by or representing them, or under their control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Intellectual Properties, any of Plaintiff's SPECK® or CANDYSHELL® trademarks, copyrights, patents and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products;

    c. engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, copyright

infringement, patent infringement or other act which would tend damage or injure Plaintiff; and/or

      d.   using any Internet domain name or website that includes any of Plaintiff's trademarks, including the SPECK® and CANDYSHELL® marks.

2. Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit cell phone cases using Plaintiff's SPECK® and/or CANDYSHELL® marks and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing, utilizing, comprised of and/or embodying any of Plaintiff's Intellectual Properties or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendants possession, custody or control.

3. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Permanent Injunction against Defendants.

5. **<u>NO APPEALS AND CONTINUING JURISDICTION.</u>** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

6. **<u>NO FEES AND COSTS.</u>** Each party shall bear their own attorneys' fees and costs incurred in this matter.

/ / /

/ / /

/ / /

**[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL**

7. **DISMISSAL OF THE ACTION.** The Court hereby dismisses the action in its entirety upon entry of this Permanent Injunction against Defendants.

IT IS SO ORDERED, ADJUDICATED and DECREED this 29th day of December, 2014.

_____
HON. OTIS D. WRIGHT II
United States District Judge
Central District of California